IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* ) | |
| ) | |
| HEATHCOTE HOLDINGS CORP., INC. ) | |
| An Illinois Corporation, Relator ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | JURY DEMANDED |
| LEAPFROG ENTERPRISES, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR FALSE PATENT MARKING**

Relator, HEATHCOTE HOLDINGS CORP., INC. (hereinafter referred to as "Heathcote"), for its Complaint against Defendant LEAPFROG ENTERPRISES, INC. ("Leapfrog"), alleges as follows:

1. Heathcote is an Illinois corporation with its principal place of business at 711 Custer Ave., Evanston, Illinois, 60202.

2. Leapfrog is a Delaware corporation, with its principal place of business located in Emeryville, California.

3. Leapfrog manufactures and sells children's educational products, including a product known as Leaspter®. More specifically, Leapfrog manufactures and sells the Leapster® 2 game learning system. Prior to Leapster® 2, defendants manufactured and sold Leapster® 1.

4. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

5. Leapfrog violated 35 U.S.C. § 292(a) by marking the Leapster® 2 with inapplicable design patents and using the improperly marked products in advertising, with the intent to deceive competitors and the public.

6. Specifically, U.S Patent Number D493,495 ("The D'495 Patent") and U.S. Patent Number D515,633 ("The D'633 Patent") do not apply to Leapster® 2. Defendants nevertheless mark Leapster® 2 with those design patents. In fact, those are the only design patents that are marked with respect to Leapster® 2. A true and accurate copy of the D'495 Patent is attached hereto as Exhibit A, and a true and accurate copy of the D'633 Patent is attached hereto as Exhibit B.

7. Leapfrog claims in its SEC filings that it relies on a combination of patent, trademark and copyright laws to protect its brand and proprietary information. As such, Leapfrog intends to reap a benefit by marking its products with patents, including the inapplicable patents that are the subject of this lawsuit.

8. Heathcote brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

9. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because the products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

11. Leapster® 1 and Leapster® 2 have different designs and are different in appearance. Although the D'495 Patent and the D'633 Patent resemble the shape of Leapster® 1, they do not resemble and do not apply to Leapster® 2

12. Defendant marked the Leapster® 2 with the D'495 Patent and the D'633 Patent with the intent to deceive the public and to gain a competitive advantage in the market.

13. When it came out with Leapster® 2, Defendant redesigned the Leapster® but never obtained new design patents. Instead of trying to obtain and/or mark with and/or advertise with new and proper design patents for the newly designed product, defendant intentionally used the same design patents that it used on Leapster® 1.

14. Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, and/or by using in advertising, the packaging and/or product of the Leapster® II with the improper patent markings for the D'495 Patent and the D'633 Patent.

15. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

16. Defendant's false marking of products has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

17. Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, have benefited commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B. Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant HEATHCOTE such other and further relief as it may deem just and equitable.

Respectfully Submitted,

HEATHCOTE HOLDINGS CORP., INC.

By: /s Matthew S. Miller

Matthew S. Miller
LAW OFFICES OF MATTHEW S. MILLER, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 251-6066


Richard J. Prendergast
Michael T. Layden
RICHARD J. PRENDERGAST, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 641-0881