**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES ex rel.** ) | |
| **HEATHCOTE HOLDINGS CORP., INC.,** ) | |
| ) | Civil Action No. 1:10-cv-01471 |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Judge:  Hon. David H. Coar |
| ) | |
| **LEAPFROG ENTERPRISES, INC.,** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**DEFENDANT LEAPFROG ENTERPRISES, INC.'S NON-OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY IN
OPPOSITION TO LEAPFROG'S MOTION TO DISMISS**

On July 2, 2010, Plaintiff Heathcote Holding Corporation, Inc. ("Heathcote") filed a

Motion for Leave to Cite Additional Authority in Opposition to Defendant LeapFrog Enterprises,

Inc.'s ("LeapFrog") Motion to Dismiss.  (Dkt. No. 36.)   Heathcote argues that a recent decision

out of the Northern District of Texas in *Patent Compliance Group, Inc. v. Interdesign, Inc.*, No.

10-0404 (Jun. 28, 2010) "addressed and rejected the same arguments Leapfrog (sic) advances in

its motion to dismiss."  (*Id.* at ¶ 4.)   For the reasons set forth below, LeapFrog wholly disagrees

with Heathcote's characterization of *Interdesign*'s relevance.   LeapFrog does not oppose the

motion itself.

First, Heathcote's selective citation to additional law from Texas is circumspect, given its

failure to acknowledge, much less distinguish, relevant case law out of **this District** predating its

opposition and rejecting its position.  *See* LeapFrog's Reply Brief In Support of Its Motion to

Dismiss (Dkt. No. 35), at fn. 2 (discussing *Simonian v. Cisco Sys., Inc.*, No. 10-C-1306 (Jun. 17,

2010).   Heathcote's failure to distinguish the facts in this case from recent case law out of the

Northern District of Illinois is more persuasive that its belated reliance on a distinguishable opinion out of the Northern District of Texas.   Moreover, as the opinion itself acknowledges, the holding in *Interdesign* is inconsistent with case law from other districts.   (Ex. A at 17-18) (discussing *Brinkmeier v. Graco Children's Prods., Inc.*, 684 F. Supp. 2d 548, 553 (D. Del. 2010))[1]

Second, *Interdesign* is clearly distinguishable from the facts presented here.   Critically, the *Interdesign* patent ***had expired*** almost three years prior to the institution of the litigation. (*Id.* at 1.)   Given that the patent was expired, the Court drew an inference from plaintiff's pleadings that the defendant intended to deceive the public.   (*Id.* at 19) ("As a sophisticated corporation with patent experience and available legal counsel, Plaintiff creates an inference that Defendant knew the patent expired.")   The Court found further support for its conclusion in documentary evidence attached to the complaint:   "[A]n actual photograph of a product injected into the stream of commerce with an expired patent number also creates an inference of a false statement." (*Id.*)   Contrary to *Interdesign*, it is undisputed that LeapFrog's patents-in-suit are not expired, and that Heathcote's pleadings are wholly absent evidentiary support demonstrating that any allegedly improper marked product was injected into the stream of commerce.   On these facts, the inference of intent to deceive that the court found in  *Interdesign* is inappropriate.

Dated:   July 9, 2010                                        COOLEY LLP

                                                                     By:  _____ */s/ Matthew P. Gubiotti* _____

                                                                     Thomas J. Friel, Jr. (*pro hac vice*)
                                                                     Matthew P. Gubiotti (*pro hac vice*)
                                                                     Erica C. Tierney (*pro hac vice*)

---

[1] "Ex. A" refers to Exhibit A from Heathcote's Motion for Leave to Cite Additional Authority in Opposition to Defendant LeapFrog Enterprises, Inc.'s Motion to Dismiss.  (Dkt. No. 36.)

Cooley LLP
3000 El Camino Real
Five Palo Alto Square, Suite 400
Palo Alto, CA 94305-2155
(650) 843-5000
tfriel@cooley.com
mgubiotti@cooley.com
etierney@cooley.com

Brian D. Roche
Michael P. Bregenzer
Blake W. Jackson
Reed Smith LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000
broche@reedsmith.com
mbregenzer@reedsmith.com
bjackson@reedsmith.com


Attorneys for Defendant
LEAPFROG ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2010, a copy of the foregoing document was served via the

Court's electronic filing system, on the following attorneys of record:

| | |
|---|---|
| Richard J. Prendergast<br>Michael Thomas Layden<br>John C. Ellis<br>Richard J. Prendergast, Ltd.<br>111 West Washington Street, Suite 1100<br>Chicago, IL 60602<br>(312) 641-0881<br>rprendergast@rjpltd.com<br>mlayden@rjpltd.com<br>jellis@rjpltd.com | Matthew S. Miller<br>Law Offices of Matthew S. Miller<br>111 West Washington Street, Suite 1100<br>Chicago, IL 60602<br>(312) 641-0881<br>matt@matmillerlaw.com |

Dated:  July 9, 2010                              /s/  *Matthew P. Gubiotti*

866970/HN