IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. HEATHCOTE HOLDINGS CORP., INC., <br><br>*Plaintiff*, <br><br>v. <br><br>LEAPFROG ENTERPRISES, INC., <br><br>*Defendant*. | Civil Action No. 1:10-cv-01471 <br><br> Judge: Hon. David H. Coar |

## DEFENDANT LEAPFROG ENTERPRISES, INC.'S AMENDED ANSWER TO COMPLAINT FOR FALSE PATENT MARKING

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Defendant LeapFrog Enterprises, Inc. ("LeapFrog") provides its Amended Answer to the Complaint of Plaintiff Heathcote Holdings Corporation, Inc. ("Heathcote") as follows:

**1.** Heathcote is an Illinois corporation with its principal place of business at 711 Custer Ave., Evanston, Illinois, 60202.

**ANSWER**:

LeapFrog lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 1, and on that basis denies all allegations of paragraph 1.

**2.** LeapFrog is a Delaware corporation, with its principal place of business located in Emeryville, California.

**ANSWER**:

Admitted.

3.  LeapFrog manufactures and sells children's educational products, including a product known as Leaspter®. More specifically, LeapFrog manufactures and sells the Leapster®2 game learning system. Prior to Leapster®2, defendant manufactured and sold Leapster®1.

**ANSWER**:

LeapFrog admits that it manufactures and sells children's educational products. LeapFrog further admits that it has manufactured and sold Leapster® educational products and Leapster®2 educational products. Except as expressly admitted, LeapFrog denies all allegations of paragraph 3.

4.  This is an action for false patent marking under Title 35, Section 292, of the United States Code.

**ANSWER**:

Admitted.

5.  LeapFrog violated 35 U.S.C. § 292(a) by marking the Leapster®2 with inapplicable design patents and using the improperly marked products in advertising, with the intent to deceive competitors and the public.

**ANSWER**:

Denied.

6.  Specifically, U.S. Patent Number D493,495 ("The D'495 Patent") and U.S. Patent Number D515,633 ("The D'633 Patent") do not apply to Leapster®2. Defendant nevertheless marks Leapster®2 with those design patents. In fact, those are the only design patents that are marked with respect to Leapster®2. A true and accurate copy of the D'495 Patent is attached hereto as Exhibit A, and a true and accurate copy of the D'633 Patent is attached hereto as Exhibit B.

**ANSWER**:

LeapFrog admits that true and accurate copies of U.S. Patent Nos. D493,495 ("the '495 patent") and D515,633 ("the '633 patent") are attached to the complaint as Exhibits A and B, respectively. LeapFrog admits that, prior to the filing of the complaint, LeapFrog marked

some of its Leapster®2 packaging with the '495 patent and the '633 patent. Except as expressly admitted, LeapFrog denies all allegations of paragraph 6.

7. LeapFrog claims in its SEC filings that it relies on a combination of patent, trademark and copyright laws to protect its brand and proprietary information. As such, LeapFrog intends to reap a benefit by marking its products with patents, including the inapplicable patents that are the subject of this lawsuit.

**ANSWER**:

The complaint fails to cite with sufficient particularity the factual basis for this assertion. Accordingly, LeapFrog lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 7, and on that basis denies all allegations of paragraph 7.

8. Heathcote brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

**ANSWER**:

LeapFrog lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 8, and on that basis denies all allegations of paragraph 8.

9. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:

LeapFrog admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because the products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

**ANSWER**:

LeapFrog admits that venue is proper—but not convenient—under 28 U.S.C. § 1395(a). LeapFrog denies all other allegations contained in this paragraph. 10.

11. Leapster®1 and Leapster®2 have different designs and are different in appearance. Although the D'495 Patent and the D'633 Patent resemble the shape of Leapster®1, they do not resemble and do not apply to Leapster®2.

**ANSWER**:

LeapFrog admits that the Leapster® and Leapster®2 products are not identical in appearance. LeapFrog denies all other allegations contained in this paragraph.

12. Defendant marked the Leapster®2 with the D'495 Patent and the D'633 Patent with the intent to deceive the public and to gain a competitive advantage in the market.

**ANSWER**:

Denied.

13. When it came out with Leapster®2, defendant redesigned the Leapster® but never obtained new design patents. Instead of trying to obtain and/or mark with and/or advertise with new and proper design patents for the newly designed product, defendant intentionally used the same design patents that it used on Leapster®1.

**ANSWER**:

Denied.

14. Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, and/or by using in advertising, the packaging and/or product of the Leapster®2 with the improper patent markings for the D'495 Patent and the D'633 Patent.

**ANSWER**:

Denied.

15. Each false marking on the product identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

**ANSWER**:

LeapFrog lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 15, and on that basis denies all allegations of paragraph 15.

**16.** Defendant's false marking of products has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

**ANSWER**:

LeapFrog lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 16, and on that basis denies all allegations of paragraph 16.

**17.** Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, have benefited commercially and financially by maintaining false statements of patent rights.

**ANSWER**:

Denied.

## LEAPFROG'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

**1.** The Complaint fails to state a claim upon which relief can be granted.

### OTHER AFFIRMATIVE DEFENSES

**2.** LeapFrog reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant LeapFrog respectfully requests that the Court enter judgment in favor of LeapFrog on the foregoing and enter a judgment granting the following relief:

A. That the Court dismiss Heathcote's complaint;

B. That the Court dismiss Heathcote's claims in their entirety, with prejudice;

C. That the Court find that Heathcote is not entitled to any of its requested relief, or any relief whatsoever;

D. Order Heathcote to pay all costs incurred by LeapFrog in this action; and

E. That the Court grant LeapFrog such other and further relief as it may deem just and equitable.

| | |
|---|---|
| Dated: October 12, 2010 | COOLEY LLP<br><br>By: _____/s/ Thomas J. Friel, Jr._____<br>Thomas J. Friel, Jr. (*pro hac vice*)<br><br>Matthew P. Gubiotti (*pro hac vice*)<br>Erica C. Tierney (*pro hac vice*)<br>3000 El Camino Real<br>Five Palo Alto Square, Suite 400<br>Palo Alto, CA 94305-2155<br>(650) 843-5000<br>tfriel@cooley.com<br>mgubiotti@cooley.com<br>etierney@cooley.com<br><br>Brian D. Roche<br>Michael P. Bregenzer<br>Blake W. Jackson<br>Reed Smith LLP<br>10 South Wacker Drive<br>Chicago, Illinois 60606<br>(312) 207-1000<br>broche@reedsmith.com<br>mbregenzer@reedsmith.com<br>bjackson@reedsmith.com<br><br>Attorneys for Defendant<br>LEAPFROG ENTERPRISES, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2010, a copy of the foregoing **DEFENDANT LEAPFROG ENTERPRISES, INC.'S AMENDED ANSWER TO COMPLAINT FOR FALSE PATENT MARKING** was served via the Court's electronic filing system, on the following attorneys of record:

| | |
|---|---|
| Richard J. Prendergast<br>Michael Thomas Layden<br>John C. Ellis<br>Allen A. Buchta<br>Richard J. Prendergast, Ltd.<br>111 West Washington Street, Suite 1100<br>Chicago, IL 60602<br>(312) 641-0881<br>rprendergast@rjpltd.com<br>mlayden@rjpltd.com<br>jellis@rjpltd.com<br>abuchta@rjpltd.com | Matthew S. Miller<br>Law Offices of Matthew S. Miller<br>111 West Washington Street, Suite 1100<br>Chicago, IL 60602<br>(312) 641-0881<br>matt@mattmillerlaw.com |

Dated: October 12, 2010

        /s/ *Thomas J. Friel, Jr*
         Thomas J. Friel, Jr.

888623 v5/HN